*NOBLE* vs. *MARTIN* & *AL*.

It is a good ground for the dismissal of an overseer, that he uses grossly abusive language to his employer.

If the deputy sheriff be absent from court on official duty, his testimony taken down on a former trial between the same parties, may be given in evidence.

On the plea of the general issue, the defendant may avail himself of the defence, that the parties were partners.

APPEAL from the court of the sixth district,
the judge of the fifth presiding.

MARTIN, J. delivered the opinion of the
court.  The plaintiff claims $1000 for his
wages as overseer of the defendants for the
year 1827, and a part of the crop for the labor
of three slaves of his, on a special contract,
the defendants having drove him and his
slaves from the plantation without any just
cause.

The answer denies every thing and avers
the plaintiff and his slaves did not come to the
plantation till the middle of January and left it
in that of April.

The plaintiff had a verdict for $950, for

which the court gave judgment *in solido*, with interest, from the judicial demand: the defendants appealed.

The evidence shows that the plaintiff was not dismissed without cause; he was therefore entitled to his wages and the hire of his negroes during the period he staid, the cause of dismissal not being any neglect in the discharge of his duties, but gross abuse of one of the defendants, which rendered it insupportable that he should remain.

A plea, that the time when the debt sued on became due, was subsequent to the commencement of the action, is a dilatory exception, and cannot be put in after an answer on the merits.

There are two bills of exception taken by the appellants.

The first is to the reading of the testimony taken down by the clerk at a preceding trial, the witness having been subpœnaed and not attending, being engaged elsewhere, in the discharge of his duties as deputy sheriff. We think the testimony was properly read. *See Starkie on evidence, part* 2, 262, where it is said the deposition of a witness will be read, if he fall sick on his way or be abroad.

The other bill is to the opinion of the court in refusing leave to the defendants to file an amended answer. This new answer averred that the parties to the suit were partners, and as the negroes of the defendants and some of

the plaintiff's were working together, so the plaintiff could not maintain a suit, except for the balance that might appear due on a settlement, and had no right to sue till it took place. Further, that the plaintiff's wages could not be payable, even if dismissed without cause, till the end of the year, so the suit was premature.

We think the court did not err; the defendants might avail themselves of the first part of the amended answer, on the plea of the general issue, and the latter part was a dilatory exception which came too late.

On the merits, we think the evidence does not authorise a verdict to the amount given, and that justioe requires that the defendants should have the benefit of a new trial.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed: the verdict set aside, and the case remanded for a new trial; the appellees paying costs in this court.

*Thomas & Johnston* for the plaintiff— *Winn* for the defendants.